## Francis v. Richmond Mining Company, et al.

(Decided June 7, 1918.)

Appeal from Madison Circuit Court.

Appeal and Error—Parties.—An appeal to the Court of Appeals will not lie from a judgment of the circuit court against one

who is not a party to the proceeding in which the judgment was rendered.

R. S. CRAWFORD and FEARS & FEARS for appellant.

TRABUE, DOOLAN & COX, J. BLAKEY HELM, JOHN C. CHENAULT and A. R. BURNAM & SON for appellees.

OPINION OF THE COURT BY JUDGE HURT—Dismissing appeal as to Central Coal & Iron Company and affirming as to other appellees.

The appellant, Laura E. Francis, and others, who were stockholders in the Richmond Mining Company, instituted this suit against the Central Coal & Iron Company, which was also a stockholder, for a dissolution of the first named company, and a sale of its assets and a division of the proceeds of the sale of the assets in accordance with the respective interests of the stockholders. The petition among other things averred that a certain tract of land, which was situated in Muhlenberg. county, and the legal title to which had been conveyed to Lewis Francis, W. B. Smith, C. J. Bronston and A. B. Lyman, but that the legal title to which was vested in the above named parties as trustees for the corporation. The further allegation was made that the Central Coal & Iron Company had had the possession and use of all the real property of the corporation sought to be dissolved for a considerable number of years, and it was proposed to make it liable to the stockholders for the rents and profits. The appellant, after joining in the petition as plaintiff in her own right, thereafter filed an answer and cross-petition, in which she claimed to be the owner in her own right of eighty shares of the capital stock of the Richmond Mining Company, and that as administratrix of Lewis Francis was the owner of an undivided one-fourth interest in a tract of land of which Francis, Smith, Bronston and Lyman had held the legal title and denied that her intestate held the interest in the land as trustee. The Central Coal & Iron Company filed an answer, counter-claim and cross-petition, in which it claimed to be the sole owner of the tract of land. On the 28th day of May, 1910, the court rendered a judgment to the effect that the land was owned by the Richmond Mining Company, and that it should be sold for the purpose of winding up the concern and liquidating its affairs. The appellant and the

Central Coal & Iron Company excepted to the judgment and prayed an appeal to this court, which was granted.

After the entry of the above judgment and on the same day another judgment was rendered in the action, which purported to be done upon and by agreement of all the parties. In this judgment, it was recited that it was agreed that the tract of land, in which appellant claimed an interest, was the property of the Richmond Mining Company, and that Francis, Smith, Bronston and Lyman held the legal title, as trustees, for the corporation, and that all the shares of stock in the company, including those owned by appellant, be transferred to the Central Coal & Iron Company, and that it should thereby be the owner of all the property of the Richmond Mining Company; that the answers and cross-petitions of the Central Coal & Iron Company and the appellant be withdrawn and that the first judgment be set aside and held for naught and the master commissioner of the court was directed to convey the lands mentioned to the Central Coal & Iron Company.

Subsequently, on the 23rd day of September, 1911, the appellant, in her own right, filed in the clerk's office a pleading, which was denominated an "amended petition in equity," otherwise having the style in which the foregoing judgments were rendered, and prayed that the foregoing agreed judgment be vacated upon the ground that it was entered without her knowledge or consent and that she had learned of its rendition immediately before the filing of the paper. Thereafter, on August 7th, 1912, and April 3rd, 1913, amendments to this pleading were filed. All of the parties to the judgments of May 28th, 1910, or their representatives, were either summoned or entered their appearances to the amended petitions, except the Central Coal & Iron Company, which does not seem to have been brought before the court in any way. On October 11th, 1915, the action was submitted for trial and judgment upon the amended petition in equity, and its amendments, and the court adjudged that they be dismissed. The appellant excepted and prayed an appeal from the first judgment rendered on May 28th, 1910, and from the one of October 11th, 1915.

The Central Coal & Iron Company having been summoned to answer this appeal, has made a motion to dis-

miss the appeal, as to it. An appeal can not lie from the first judgment rendered on May 28th, 1910, because it having been vacated and set aside by the second judgment rendered on that day, it does not exist, until the judgment which set it aside is vacated. The latter judgment remains valid and binding, until vacated in the manner provided by law. In a proceeding to vacate it, it is necessary to make the adverse parties in interest parties to the proceedings. If grounds for a new trial are discovered after the term at which the judgment was rendered, relief can be obtained by a petition filed for that purpose, but to answer which the adverse party must be summoned. Section 344 Civil Code. To vacate or modify a judgment because of a clerical misprision, a motion must be made for that purpose, but the adverse party must have notice of the motion. Section 519 Civil Code. To vacate or modify a judgment upon the other grounds provided in sub-sections 4, 5, 6, 7 and 8 of section 518 Civil Code a petition must be filed with the clerk seeking the relief and the adverse party must be summoned. Section 520 Civil Code. An appeal does not lie against one from a judgment when such party was not a party to the proceedings in which the judgment was rendered. The Central Coal & Iron Company not having been made a party to the proceeding in which it was sought to vacate the agreed judgment of May 28th, 1910, and in which the judgment appealed from was rendered, and in which the judgment of October 11th, 1915, was rendered, the appeal as to the Coal & Iron Company must be dismissed.

The other appellees were parties to all three of the judgments and make no objection to the agreed judgment of May 28th, 1910. The interests transferred by them to the Central Coal & Iron Company, in the agreed judgment are separate and distinct interests from the interest claimed by appellant, in this, that a specific number of shares of the capital stock is transferred by them to the Coal & Iron Company and the same appears to have been done by the appellant. In the action, which resulted in the first judgment of May 28th, 1910, the appellant claims to have been the owner of an interest in the land as the administratrix of Lewis Francis. It is very clear that as such she can not maintain an action for the recovery of the land, as it would be the property, not of the personal representative, but of the heirs

of Lewis Francis, and she alleges no reason for an interest in it as a personal representative. In the agreed judgment of May 28th, 1910, the only property of which she was the owner, which was transferred to the Central Coal & Iron Company, was eighty shares of the capital stock of that corporation, in which none of the other appellees had any interest, and that judgment would not be set aside as far as they are concerned, when they are willing, as it appears, to abide by its terms. The vacation of that judgment, to protect the interest of the appellant therein disposed of, would not affect the interest of either of the other appellees, and they do not object to that judgment, but abide by it. Neither would a reversal of the first judgment of May 28th, 1910, affect the appellant's rights in any way, as she was the owner of only eighty shares of stock and not of any of the real estate adjudged to be sold. Hence, there appears no reason to reverse the judgment of October 11th, 1915, so far as the interests of the other appellees are concerned, since the appellant seeks to have the agreed judgment vacated not on account of any right, which she claims as administratrix of Lewis Francis, but in her own personal right, nothing is involved in that judgment applying to her, except her ownership of the eighty shares of the capital stock of the mining company. No intimation of opinion is made with reference to the nature of the proceedings of the appellant or the sufficiency of its grounds to vacate the agreed judgment.

The appeal is, therefore, dismissed as to the Central Coal & Iron Company, and the judgment of October 11th, 1915, dismissing the proceedings is affirmed as to the other appellees.