## Crawley et al. v. Crawley.

(Decided June 21, 1929.)

HENSON & TAYLOR for appellants.

N. B. HUNT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

On December 22, 1922, D. S. Johnson and F. A. Johnson filed in the Henderson circuit court their petition in equity against the appellants, who are grandchildren of Thomas C. Crawley, deceased, for the purpose of quieting plaintiffs' title to a tract of land in Henderson county containing 61½ acres. It was alleged in the petition that plaintiffs obtained title to the tract of land by deed executed to them by appellee, Thomas B. Crawley, and his sister, Lucy F. Crawley, on January 11, 1921. Defendants answered and averred that they and their deceased grandfather, Thomas C. Crawley, whose interest they inherited, obtained their alleged interest in the tract of land under a deed executed by appellee, Thomas B. Crawley, to their grandfather and his then living children, on April 17, 1884, and that the deed executed to plaintiffs by Thomas B. and Lucy F. Crawley conveyed no interest in the land except that owned by the two vendors in that deed, which, under defendants' contention, was only an undivided interest of two-fifths, and that they owned in different proportions the other three-fifths. Before the case was submitted, Thomas B. Crawley, who was a vendor in both deeds, filed his intervening petition, in which he stated his intention and purpose in executing the 1884 deed, the correct construction of which was the only question involved in the case, and he prayed that he be made a party to the action, and "that the answer of the defendants be dismissed and that the prayer of plaintiffs' petition be granted and that the plaintiffs, D. S. Johnson and F. A. Johnson, title to said land be quieted and for his cost herein expended and for all proper and equitable relief."

Proper pleadings made the issues, and, upon final submission, the court sustained the prayer of plaintiffs' petition and that of the intervening petition of Thomas B. Crawley. This appeal by defendants is from that judgment, but neither of the Johnsons is made a party to the appeal, nor has any motion been made, brief filed, or other step taken in the cause since it was filed in this court entering the appearance of either of the Johnsons to the appeal. The intervening petition of the *only* appellee on the appeal, Thomas B. Crawley, was altogether unnecessary, and the judgment granted him no individual relief whatever. The only relief that he asked in his

intervening pleading as amended was that the prayer of plaintiffs' petition be granted. If, however, it could possibly be construed that Thomas B. Crawley was a proper party to the cause, and that the judgment granted relief to him as against defendants and appellants, we could not then determine the questions involved on this appeal in any manner so as to grant appellants any relief, even if we should reverse the judgment, since the Johnsons, not being parties to the appeal, would not be bound by any opinion we might render, and they would still be protected by the judgment appealed from quieting their title to the involved land as against appellants, and by which judgment the latter would also still be bound, notwithstanding the reversal, if one should be ordered.

The precise situation was presented to this court in the case of Murphy v. O'Reiley, 78 Ky. 263. In that case a successful mortgagee in the judgment rendered in the circuit court was not made an appellee on appeal from that judgment, and this court in its opinion said: "She is a necessary party, and the appeal must be dismissed." The opinion also said: "If the judgment in favor of the appellee were reversed, he could not proceed in the court below, because Mrs. Khral is a necessary party to his proceeding to subject the land to the payment of his debt; and a final judgment having been rendered in her favor, she would not be a party to the subsequent litigation." The court therefore dismissed the appeal, which, of course, was necessarily without prejudice to the filing of another one, if the time within which it might be done had not expired, and in which all interested persons should be made parties to the appeal.

In this case the only successful parties in the court below were the plaintiffs, who filed the action, but who are not before this court, and, following the rule laid down in the Murphy case, supra, this appeal is dismissed without prejudice.