Jeanette England WHITE, Appellant,

v.

Hollis ENGLAND et al., Appellees.

Court of Appeals of Kentucky.

April 28, 1961.

Rehearing Denied Sept. 29, 1961.

Henry A. Triplett, Curtis G. Witten, Louisville, for appellant.

Thomas Cubbage, Leitchfield, Robert Hubbard, Elizabethtown, for appellees.

STANLEY, Commissioner.

A divorce judgment was granted James Elliot England in November, 1954, on the ground of abandonment by his wife, Jeanette England. It was not revealed in the case that the parties had a child, called Jimmy, who was born March 4, 1952. Later the question of the child's custody was raised from time to time in the action. The mother had married Thomas White. In the latest proceeding the father asked that custody be awarded to him or his brother, Hollis England, and his wife, Ann, with the right of visitation. The last order in the case, entered August 31, 1959, awarded his custody to Hollis and Ann England, with the right of the mother to visit him and have him part of the time. The order recites that the father lived nearby and had no facilities for keeping the child and could see him at reasonable times.

Hollis and Ann England were not parties to the proceedings in the circuit court. The mother sought to have the order set aside inter alia because of that fact, but her motion was overruled. The mother prosecutes this appeal without naming the child's father as a party. The appeal is only against Hollis and Ann England, upon whom a notice of appeal was served.

The statute provides that the mode of bringing a judgment of an inferior court to the Court of Appeals shall be by an appeal taken and perfected in accordance with the Rules of Civil Procedure. KRS 21.056. It is provided in, CR 73.03 that notice of an appeal shall be served on "the parties to the judgment" other than the party or parties taking the appeal.

The term "party" as used in KRS 243.590 and CR 73.02, which respectively authorize an appeal by "any party aggrieved" by a judgment, means a party of record, and one who is not a party may not do so even though he filed a notice of appeal. Bartholo-mew v. Paniello, Ky., 287 S.W.2d 616; City of Louisville v. Christian Business Women's Club, Ky., 306 S.W.2d 274. Nor does an appeal lie against one who was not a party to the proceedings in which the judgment was rendered. Francis v. Richmond Mining Co., 181 Ky. 21, 203 S.W. 882; Watral's Adm'r v. Appalachian Power Co., 273 Ky. 25, 115 S.W.2d 372. In Crawley v. Crawley, 230 Ky. 146, 18 S.W.2d 1015, we dismisssed an appeal prosecuted against an intervening party who had only asked that the prayer of the plaintiffs should be granted. But the plaintiffs, who recovered the judgment, were not parties to the appeal.

The facts in Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000, 1002; 4A C.J.S. Appeal and Error § 592, p. 330, note 59.5, are similar to those in the case before us, although the appellate proceeding is the converse. The custody of a child of divorced parents had been awarded her maternal grandmother. Both the father and the mother filed notices of appeal but did not serve copies thereof upon the grandmother, who, it appears, was a party in the district court. The Idaho Supreme Court regarded the grandmother as "simply an instrument of the court through and by which its duty must necessarily be discharged," and held that the appeal by the father was properly prosecuted against the mother as the party in interest. As stated above, in the instant case the father is not a party to the appeal. Here the court had found it to be to the best interest of the little boy that his custody be not awarded to his mother, and held, in effect, that the father was entitled to the care and custody but was not so situated that he could care for him. It was at his request that custody was given to his brother and wife. This was, in effect, to designate the custodians as agents of the father.

We must, therefore, dismiss the appeal as having been brought against persons who were not parties in the circuit court.

We may say as obiter dictum that we had reviewed the record before noticing the defect of the parties, and that we think the

trial court's decision and disposition of the child were wise and proper. He had lived with his uncle and aunt most of his life.

Appeal dismissed.