failure to report the income earned on her tax returns as indicative that no "business" was involved. If Pennington failed to comply with the law, that hardly changes the nature of her activities. Such matters do not determine whether an activity is a business or non-business. *Felder v. Despinasse,* 564 So.2d 1331 (La.App.1990).

The parents further contend that the activity was not a business because Pennington was not trained in it and that the death occurred because of the husband's negligence in leaving the door open and he was not engaged in the business. Both contentions are frivolous.

Judgment affirmed.

PUDLOWSKI and WHITE, JJ., concur.

*ORDER*

PER CURIAM.

Father was found in arrears in his child support obligation by an order of the Division of Child Support Enforcement (Division). Father appealed the order to the circuit court which affirmed the order. We affirm. The order of the Division is supported by competent and substantial evidence on the record as a whole, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

---

**Alfonzo CURRY, Appellant,**

v.

**DIRECTOR OF DIVISION OF CHILD SUPPORT ENFORCEMENT, ex rel. Robin LEWIS, Respondent.**

No. 65801.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1994.

Daniel J. Bruntrager, Bruntrager & Billings, P.C., St. Louis, for appellant.

Roy R. Hardee, Mo. Dept. of Social Services, Div. of Legal Services, Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

---

**Lynn DEERFIELD, Plaintiff/Appellant,**

v.

**PARK PLAZA APARTMENT, Defendant/Respondent.**

No. 65459.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1994.

Mark D. Hirschfeld, Clayton, for appellant.

H. Todd Iveson, Green, Hoffmann & Dankenbring, Clayton, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.