U.S. BANK, NA, Appellant

v.

Michael Scott HASTY; Cynthia
Hasty, Appellees

and

U.S. Bank, NA; Federal Home Loan
Mortgage Corporation

v.

Heights Finance Corporation; Michael
Scott Hasty; Cynthia Hasty,
Appellees.

Nos. 2006–CA–000758–MR,
2006–CA–000740–MR.

Court of Appeals of Kentucky.

Aug. 17, 2007.

Septtimous Taylor, Owensboro, KY, for appellants.

Stanley K. Spees, Paducah, KY, for Appellee Heights Finance Corporation.

Before HOWARD and STUMBO, Judges; BUCKINGHAM, Senior Judge.[1]

## OPINION

BUCKINGHAM, Senior Judge.

U.S. Bank, NA (the bank), appeals from an order of the McCracken Circuit Court

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

that had the effect of denying the bank's Kentucky Rules of Civil Procedure (CR) 60.02 motion to set aside the final judgment in its foreclosure action against Michael Scott Hasty and Cynthia Hasty and amend its complaint to name Heights Finance Corporation as a party to the proceedings. The bank sought to reopen the foreclosure proceedings because Heights Finance had filed a judgment lien against the subject property subsequent to the filing of the bank's foreclosure action, but prior to the bank's filing of a lis pendens notice in the county clerk's office. This gave rise to the concern that Height Finance's lien had survived the foreclosure action and clouded the title to the subject property. Because the circuit court did not abuse its discretion in denying the bank's motion for CR 60.02 relief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2003, Michael Scott Hasty and Cynthia Hasty executed a note and mortgage in favor of the bank. The mortgage was recorded with the McCracken County Clerk on August 20, 2003. Approximately two years later, the Hastys defaulted on the note.

On January 14, 2005, the bank filed a civil complaint in McCracken Circuit Court seeking, among other things, a judgment against the Hastys upon the note in default, foreclosure against the subject property upon the mortgage, and sale of the property by the master commissioner. The complaint named the Hastys as defendants and sought a judgment of $56,115.71. For whatever reason, a lis pendens notice concerning the foreclosure was not filed with the county clerk until January 21,

2005.[2] In the meantime, on January 18, 2005, Heights Finance had recorded a judgment lien against the property with the county clerk's office. The underlying judgment was for $3,599.19. On February 5, 2005, the Hastys filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Kentucky.

The Hastys failed to respond in the foreclosure proceeding. Therefore, on June 27, 2005, the circuit court entered a Default Judgment and Order of Sale, and the subject property was sold at a master commissioner's sale held on July 27, 2005. The bank was the successful bidder for the purchase price of $64,500.00. The bank subsequently assigned its bid to the Federal Home Loan Mortgage Corporation. On August 16, 2005, the property was conveyed to the Federal Home Loan Mortgage Corporation and the Master Commissioner's Deed was recorded with the county clerk. All of the foregoing occurred without taking into consideration Heights Finance's judgment lien on the property.

Having finally become aware of the Heights Finance judgment lien, and although final judgment in the action had been entered two and one-half months prior, on September 9, 2005, the bank filed a "Motion to Join Indispensable Party" seeking to name Heights Finance as a party to the foreclosure proceeding. Heights Finance was served with a copy of the motion and filed a response objecting to being joined as a party. On October 14, 2005, the circuit court denied the bank's motion.

On October 19, 2005, the bank filed a motion captioned "Plaintiff's 60.02 Motion

---

**2.** The bank states that it was unable to file a lis pendens notice contemporaneously with the filing of its complaint because of a delay by the circuit court clerk in providing a case number to the foreclosure action.

for Relief from June 27, 2005 Default Judgment and Order of Sale." The motion sought relief pursuant to CR 60.02(a) based upon mistake, inadvertence, surprise, or excusable neglect in failing to name Heights Finance as a party in the original proceedings. The motion sought to set aside the prior proceedings, relitigate the bank's foreclosure of the property with Heights Finance as a named party, and resell the property. The ultimate objective of the motion was to pass title to the property free of the Heights Finance judgment lien upon a second commissioner's sale.

On November 28, 2005, the circuit court entered an order granting the bank's motion for CR 60.02 relief on the basis of mistake, surprise, inadvertence, or excusable neglect, because the judgment did not adjudicate all claims against the subject property and because the commissioner did not convey clear title. Accordingly, the order vacated the June 27, 2005, Default Judgment and Order of Sale and the July 25, 2005, sale of the property by the master commissioner. The bank subsequently amended its foreclosure complaint to include Heights Finance Corporation as a defendant to the action.[3] The bank thereafter moved for summary judgment based upon its amended complaint.

On December 6, 2005, Heights Finance filed a "Motion for Clarification" seeking clarification of the circuit court's November 28, 2005, order. Based upon the issues raised in Heights Finance's motion, on March 8, 2006, the circuit court issued an order captioned "Order Rescinding Order of November 28, 2005, Reinstating Original Judgment, and Reinstating Commissioner's Deed." In substance, the order had the effect of denying the bank's Octo-

ber 19, 2005, CR 60.02 motion. Also on March 8, 2006, the circuit court issued an order denying the bank's motion for summary judgment as moot.

The bank thereafter filed two notices of appeal. The first notice of appeal named the Hastys as appellees and appealed only the March 8, 2006, order rescinding the November 28, 2005, order. (Appeal No.2006–CA–000758–MR). The second notice of appeal named the bank and the Federal Home Loan Mortgage Corporation as appellants and the Hastys and Heights Finance Corporation as appellees and appealed both the March 8, 2006, rescission order and the March 8, 2006, order denying summary judgment (Appeal No.2006–CA–000740–MR). The cases have been consolidated for our review, and the parties have filed consolidated briefs addressing both appeals.

## DENIAL OF U.S. BANK'S MOTION FOR CR 60.02 RELIEF

In its first enumerated argument, the bank argues that for various reasons the circuit court erred by rescinding its November 28, 2005, order granting CR 60.02 relief. In its second enumerated argument, the bank contends that "[t]he trial court's March 8, 2006, order rescinding was clearly erroneous and an abuse of discretion." We consider these two arguments together by way of a general discussion.

As previously noted, the circuit court's rescission of its November 28, 2005, order had the effect of denying the bank's October 19, 2005, motion for CR 60.02 relief. We accordingly review the circuit court's March 8, 2006, order rescinding its November 28, 2005, order as simply a de-

---

3. The amended complaint also named the Federal Home Loan Mortgage Corporation as a plaintiff to the action.

nial of the bank's motion for CR 60.02 relief.[4]

■ "[T]he determination to grant relief from a judgment or order pursuant to CR 60.02 is one that is generally left to the sound discretion of the trial court[.]" *Schott v. Citizens Fidelity Bank and Trust Co.*, 692 S.W.2d 810, 814 (Ky.App.1985). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky.2000).

In its March 8, 2006, order the circuit court explained its basis for, upon reconsideration, denying the bank's motion for CR 60.02 relief as follows:[5]

> The Bank then moved the Court (without notice to Heights) for relief from the judgment pursuant to Civil Rule 60.02 on the grounds of "mistake, inadvertence, surprise or excusable neglect." Counsel for Heights just happened to be in the courtroom on the day the motion was called and requested an opportunity to respond, which the Court granted. The parties then briefed the issue. The Bank argued that since the foreclosure complaint was filed in the *Circuit* Clerk's Office *before* Heights' judgment lien was recorded in the County Clerk's Office, the Heights lien was thereby rendered inferior to the foreclosure proceedings, even though the Bank's *lis pendens* notice was recorded *after* Heights lien. The Bank further argued

that the supposed inferiority of Heights' position justified setting aside the judgment, thereby allowing the Bank to amend the complaint to include Heights and to start over. The Bank based its position on one sentence in *Cumberland Lumber Company v. First and Farmers Bank of Somerset*, 838 S.W.2d 403 (Ky. App.1992), wherein the opinion stated, "However, while this statute clearly requires the plaintiff in a foreclosure action to name the holders of other liens in its petition, there is no statutory requirement to name those who acquire a lien after the filing of the petition." Believing that the Bank had correctly stated the law on this issue, the Court entered an order on November 28, 2005, vacating the judgment.

> Heights Finance Corporation argued at the time, and again in its motion for clarification, that the law that actually controls is **KRS § 382.440,** which states:

> > No action ... commenced or filed in any court of this state, in which the title to, or the possession or use of, ... real property, or any interest therein, is in any manner affected or involved, ... shall in any manner affect the right, title or interest of any subsequent purchaser, lessee, or encumbrancer of such real property, or interest for value and without notice thereof, *except from the time there is filed,* in the office of the county clerk of the county in which such real property or the greater part thereof lies, [lis pendens notice].

---

**4.** The bank argues to the effect that the circuit court lacked the authority to rescind its order of November 28, 2005. However, "[g]enerally, a judge may reexamine an earlier ruling and rescind it if he has a reasonable conviction that it was wrong and it would not cause undue prejudice to the party that benefited from it." *Davidson v. Castner–Knott Dry Goods Co., Inc.*, 202 S.W.3d 597, 602 (Ky.

App.2006) (quoting *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 n. 4 (Ky.App. 2004)). The circuit court's order of November 28, 2005, was an interlocutory, nonfinal order, and it was within the circuit court's discretion to reexamine the ruling. *Id.*

**5.** All emphasis contained in the excerpt is the circuit court's.

After more closely examining the opinion in the *Cumberland Lumber* case, it is now clear to this Court that the words "filing of the petition" were used interchangeably with the words "recording of the *lis pendens* notice" because under the specific facts of that case they occurred at the same time. A reading of the entire opinion makes the point obvious. Five times in the opinion the Court clearly states—in accordance with above statute—that it is the recording of the *lis pendens* that is important. The very reasons for the lis pendens is to give notice of pending litigation and to cut off *subsequent* claims. Existing claims, of course, are not affected by a *lis pendens* notice unless the holders of those claims are included in the litigation.

In the instant case, the petition and the *lis pendens* notice were not filed at the same time. The lien of Heights Finance Corporation was recorded prior to the lis pendens notice and is unaffected by the foreclosure proceedings. It is therefore clear to this Court that the order of November 28, 2005 which set aside the original judgment should not have been entered. ... The foreclosure was completely over before Heights even knew about it. A new owner had taken title to the property. The lien of Heights Finance Corporation had lawfully ascended to a first and superior position. Attempts by the plaintiff to change any of that were not in accordance with law and should have been denied. (Emphasis in original).

 As the circuit court's order makes clear, it originally misinterpreted *Cumberland Lumber Company v. First and Farmers Bank of Somerset, Inc.,* 838 S.W.2d 403 (Ky.App.1992), as holding that a party who files a judgment lien after the filing of a foreclosure petition is bound by the foreclosure action without regard to whether a lis pendens notice was filed. We agree with the circuit court's later determination that this was an incorrect interpretation of *Cumberland Lumber.* The *Cumberland Lumber* decision is limited to the holding that a judgment holder who files a judgment lien following the filing of a lis pendens [6] notice in connection with a foreclosure action is bound by the foreclosure judgment. *See also* KRS 382.440. Contrary to the bank's argument, *Cumberland Lumber* does not hold that the mere filing of the foreclosure action alone binds subsequent judgment lien filers.[7]

 CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." *Ray v. Commonwealth,* 633 S.W.2d 71, 73 (Ky.App. 1982). A very substantial showing is required to merit relief under its provisions. *Ringo v. Commonwealth,* 455 S.W.2d 49, 50 (Ky.1970). Moreover, one of the chief factors guiding the granting of CR 60.02

---

6. Lis pendens is defined as "[a] notice, recorded in the chain of title to real property, ... to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Greene v. McFarland,* 43 S.W.3d 258, 260 (Ky.2001) (quoting Black's Law Dictionary 943 (7th ed.1999)).

7. The bank is correct, however, that the foreclosure statute, KRS 426.690, requires only lien holders at the time of the filing of the petition to be named as parties. *Cumberland Lumber* clearly acknowledged this, and if the filing of the petition alone was sufficient to cut-off liens filed subsequent to the petition, it appears that *Cumberland Lumber* would have recognized this. By negative implication, we construe the holding in *Cumberland Lumber* as being that the filing of a foreclosure petition alone is insufficient to bind pendente lite lien filers to the judgment.

relief is the moving party's ability to present his claim prior to the entry of the order sought to be set aside. *Fortney v. Mahan*, 302 S.W.2d 842, 843 (Ky.1957).

With minimal effort the bank could have discovered the judgment lien prior to the entry of a final judgment in the foreclosure action and litigated Heights Finance's judgment lien therein. As such, it had the ability to have presented its claim prior to the entry of the judgment. Moreover, we do not believe that the circumstances presented rise to the level of an extraordinary nature so as to justify CR 60.02 relief.[8] Thus, we conclude that the circuit court did not abuse its discretion in denying the bank's motion for CR 60.02 relief.

## EFFECT OF BANKRUPTCY COURT PROCEEDINGS

■ As a result of their financial difficulties, on February 4, 2005, the Hastys filed for Chapter 13 bankruptcy protection. The bank argues that in the course of the bankruptcy proceedings, the bankruptcy court adjudged Height Finance's claim against the Hastys to be unsecured and, accordingly, invalidated its lien against the subject property. The bank alleges that the circuit court erred by failing to recognize the bankruptcy court's adjudication of the Height Finance judgment lien as unsecured.

In support of its argument, the bank cites us to Appendix 10 of its brief, which contains an order of the bankruptcy court stating "that Claim # 20 in the amount of $4,012.88 filed by Heights Finance Corporation shall be ALLOWED as an unsecured nonpriority claim." The order is dated December 21, 2005. We have carefully reviewed the 189–page record on appeal and conclude that this document is not of record in the circuit court case file.[9]

CR 76.12(4)(c)(vii) provides that "[e]xcept for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs." *See also Rankin v. Blue Grass Boys Ranch, Inc.*, 469 S.W.2d 767, 769 (Ky.1971) (The presentation of extraneous material in briefs is improper). As such, we are constrained to disregarded Appendix 10 of the bank's appendix in our consideration of this appeal.

■ Upon disregarding Appendix 10, we find no other evidentiary support in the record for the bank's argument that the bankruptcy court purported to adjudicate that Heights Finance's judgment lien was invalid, ineffective, or extinguished.[10] We

---

**8.** If the bank had been made aware of Height Finance's lien prior to the sale while the case was still pending, it appears that it would not have been entitled to relief even under those circumstances. *See* KRS 382.440.

**9.** At the September 23, 2005, hearing on the bank's motion to join Heights Finance as a party to the case, counsel for the bank referred to the existence of such an order. However the order was not introduced into the record at that time, and, because of the dates involved, could not have been a reference to the December 21, 2005, order contained as Exhibit 10.

**10.** We also note that "a discharge extinguishes only 'the personal liability of the debtor.'"

*Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991) (citing 11 U.S.C. § 524(a)(1)). And that "Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* (citing 11 U.S.C. § 522(c)(2); *Owen v. Owen*, 500 U.S. 305, 308–309, 111 S.Ct. 1833, 1835–1836, 114 L.Ed.2d 350 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); H.R.Rep. No. 95–595, at 361). For a general discussion on the interplay between a judgment lien, bankruptcy proceedings, and the clouding of title, *see In*

accordingly have no basis to reverse the circuit court under this argument.[11]

## CONSIDERATION OF ARGUMENTS OF A NON–PARTY

█ The bank contends that because Heights Finance was never formally made a party to the circuit court litigation, the circuit court erred by considering its December 6, 2005, "Motion for Clarification" and any other arguments raised by Heights Finance during the circuit court proceedings.

█ The status of Heights Finance is, indeed, ill-defined and confusing as a result of the procedural twists and turns that occurred in the circuit court proceedings.[12] We note, however, that entirely inconsistent with the position stated in this argument, the bank has named Heights Finance as a party to this appeal. "[A]n appeal [does not] lie against one who was not a party to the proceedings in which the judgment was rendered." *White v. England,* 348 S.W.2d 936, 937 (Ky.1961) (citing *Francis v. Richmond Mining Co.,* 181 Ky. 21, 203 S.W. 882 (1918) and *Watral's Adm'r v. Appalachian Power Co.,* 273 Ky. 25, 115 S.W.2d 372 (1938)).

Further, Heights Finance participated extensively in the circuit court proceedings. Subsequent to the court's November 28, 2005, order granting the bank's CR 60.02 relief, the bank filed an amended complaint naming Heights Finance as a party to the proceeding and Heights Finance was not thereafter dismissed as a party. Heights Finance filed its "Motion for Clarification" subsequent to the bank's having filed the amended complaint naming it as a party.[13] The circuit court's March 8, 2006, order lists Heights Finance as a party to the circuit court action; and, as previously mentioned, the bank itself named Heights Finance as a party to this appeal. Finally, Heights Finance has filed a brief in this appeal and has not objected to being named a party herein. All of the foregoing reflect that Heights Finance has been considered as a party in the circuit court proceedings.

In light of the confusing and ill-defined nature of Heights Finance's status in the circuit court proceedings, we do not believe the circuit court's consideration of the arguments raised by Heights Finance in its consideration of the the bank's CR 60.02 motion is reversible error, particularly since the relief sought by the bank was to extinguish Heights Finance's judgment lien.

## ADJUDICATION OF HEIGHTS FINANCE LIEN AS VALID, FIRST LIEN

█ Next, the bank contends that the circuit court erred in adjudicating Heights

---

*re Norvell,* 198 B.R. 697 (Bkrtcy.W.D.Ky. 1996).

**11.** At the September 23, 2005, hearing Heights Finance argued that its claim had been disallowed as a secured claim solely upon the basis that the property had already been sold and no longer belonged to the Hastys, and so could not secure its claim. The conflicting arguments concerning the basis for the bankruptcy court's disallowance of Height's Finance's claim as a secured claim further highlights why we cannot resolve this argument upon the merits.

**12.** See factual and procedural background at pgs. 538–39, *supra.*

**13.** The December 5, 2005, Amended Complaint also listed the Federal Home Loan Mortgage Corporation as a plaintiff. As such, we will also consider it to be a proper party to this appeal.

Finance to have a valid and first lien upon the subject property. We construe this argument as being directed to the following section of the circuit court's March 8, 2006, order:

The foreclosure was completely over before Heights even knew about it. A new owner had taken title to the property. **The lien of Heights Finance Corporation had lawfully ascended to a first and superior position.** Attempts by the plaintiff to change any of that were not in accordance with law and should have been denied. (Emphasis added).

We agree with the bank that this statement by the circuit court goes beyond what is required to decide the case and unnecessarily expresses an opinion upon the enforceability of Heights Finance's lien in a hypothetical future action to foreclose upon the encumbrance. Without the benefit of the future property owner's defenses and arguments in any such future proceeding, we believe that it was improper for the circuit court to interject such an opinion into the present case. Further, because the circuit court's statement is clearly dicta, we do not believe that reversal is required upon this point. For clarity, however, as a part of this decision, we hold that the enforceability of Height Finance's judgment lien in a foreclosure action against any future property holder is not decided in the present case. The record is incomplete for such a determination. Our decision is limited to the holding that, under the facts and circumstances unique to this case, the circuit court did not abuse its discretion in denying the bank's motion for CR 60.02 relief. The enforceability of the lien as against any particular future property owner can be litigated if and when the situation arises.

*CONCLUSION*

For the foregoing reasons, the judgment of the McCracken Circuit Court is affirmed.

ALL CONCUR.