**Bill WILDER, Appellant,**

v.

**Savannah WILDER, Appellee.**

No. 2008–CA–002289–MR.

Court of Appeals of Kentucky.

Aug. 28, 2009.

Gerald L. Greene, Pineville, KY, for appellant.

Shelli Desha Dunn Yoakum, Middlesboro, KY, for appellee.

Before LAMBERT and STUMBO, Judges; HENRY,[1] Senior Judge.

## *OPINION*

LAMBERT, Judge.

This is an appeal from an order to distribute marital funds entered by the Bell Circuit Court seven months after that court entered the parties' final divorce decree. Appellant Bill Wilder claims the trial court did not have jurisdiction to enter an order dividing the parties' marital property more than ten days after the entry of the final decree. Appellee Savannah Wilder defends the order, arguing the trial court was within its authority to grant her relief under Rule 60.02 of the Kentucky Rules of Civil Procedure ("CR"). Upon careful review, we agree with Appellee and thus, affirm.

This contested divorce case began in May 2007 when Savannah Wilder filed for divorce after more than ten years of marriage. Two volumes of legal pleadings as well as depositions followed the initial petition for divorce. On April 30, 2008, the trial court entered its final findings of fact, conclusions of law, and decree of dissolution of marriage. In that decree, the trial court attempted to equitably divide the parties' property as well as determine child custody, child support, and maintenance between the parties. As well as could be accomplished, the trial court divided the parties' tangible property equally.

According to the record, the parties filed a joint 2007 year tax return and received a refund which they split evenly. Several months after the final divorce decree was entered in April 2008, Appellant received a stimulus payment from the U.S. government in the amount of $1,800. *See* 26 U.S.C. § 6428(b) & (e) (2008). According to the Internal Revenue Service's ("IRS") website, stimulus payments received in 2008 were based on information contained on each citizen's 2007 tax return. Stimulus payments were made for each member of a family who met the following qualifications: (1) each family member filed or was listed as a dependent on the family's tax return; (2) the family had at least $3,000 in qualifying income in 2007; and (3) each family member had a valid social security number. In this case, the Wilder family met the above qualifications. As joint filers, Appellant and Appellee were allocated $1,200. Also, with two children, the Wilders were allocated an additional $300 for each qualifying child, for a total of $1,800.

On October 30, 2008, Appellee filed a motion with the trial court to compel Appellant to share the stimulus funds received by him as these funds were based

---

1. Senior Judge Michael L. Henry sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

on information and income set forth on the parties' 2007 joint tax return and were intended to be used by the family for the purpose of stimulating the economy. As further support for her motion, Appellee argued that it was not possible to have divided or anticipated these stimulus funds at the time of the final divorce decree as the payment had yet to be distributed or received at that time.

After hearing arguments of counsel, the trial court entered an order distributing marital funds on November 26, 2008. In that order, the trial court ordered Appellant to meet Appellee at Commercial Bank in Pineville, Kentucky, within ten days of entry of the order so that the stimulus check could be signed by each party, cashed, and distributed equally between them. From this order, Bill Wilder now appeals to this Court.

On appeal, Appellant makes two arguments. First, Appellant argues the trial court had no jurisdiction to divide the parties' marital property more than ten days after entry of the parties' final divorce decree. Second, Appellant claims that even if the trial court had jurisdiction to divide the stimulus funds received by him, the trial court erred in sharing any portion of these funds with Appellee. For the reasons set forth herein, we find both of Appellant's arguments to be without merit and thus, affirm the trial court's order to distribute the parties' marital funds.

In his first argument, Appellant claims the trial court had no jurisdiction to divide their marital property seven months after the final divorce decree was entered. Appellant cites CR 52.02, which allows the trial court to amend its findings not later than ten days after entry of judgment, and CR 60.01, which permits relief only upon discovery of a clerical mistake in the judgment. Appellant further cites an unpublished case wherein this Court vacated a

CR 60.02 order by the Bell Circuit Court that attempted to correct the court's error in neglecting a claim for maintenance in the original divorce decree. *Jones v. Jones*, 2005 WL 387121 (Ky.App.2005).

Appellee counters that her motion for relief from judgment was properly made under CR 60.02 and that the trial court was well within its discretion to grant her relief under that rule. Upon careful review, we agree with Appellee that the trial court did not abuse its discretion in granting her CR 60.02 relief.

Actions under CR 60.02 are addressed to the "sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse." *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky.1959). In *U.S. Bank, NA v. Hasty*, 232 S.W.3d 536 (Ky.App. 2007), this Court explained the nature of CR 60.02 proceedings as follows:

> CR 60.02 "is designed to provide relief where the reasons for the relief are of an extraordinary nature." A very substantial showing is required to merit relief under its provisions. Moreover, one of the chief factors guiding the granting of CR 60.02 relief is the moving party's ability to present his claim prior to the entry of the order sought to be set aside.

*Id.* at 541–42 (internal citations omitted).

In *Kurtsinger v. Board of Trustees of Kentucky Retirement Systems*, 90 S.W.3d 454 (Ky.2002), our Supreme Court explained that CR 60.02 "is designed to allow trial courts a measure of flexibility to achieve just results and thereby 'provides the trial court with extensive power to correct a judgment.'" *Id.* at 456 (quoting *Fortney et al. v. Mahan, et al.*, 302 S.W.2d 842, 843 (Ky.1957)). In this case, Appellee was unable to present her claim prior to the entry of her final divorce decree be-

cause the stimulus payment had yet to be distributed by the IRS at that time. Moreover, it is safe to say that the making of such a payment by the U.S. government was not a routine or customary practice that ought to have been anticipated by either party.

Appellant neither presents evidence nor does he argue that the making of this payment by the U.S. government was foreseeable or fairly discoverable at the time of the parties' final divorce decree. In any event, even if it was, the record reflects that the parties divided and shared the tax refund received from the parties' 2007 tax return without court intervention. Thus, it was not unreasonable for the trial court or Appellee to believe that the same would be done with any future refunds or payments stemming from this joint return. Upon careful review of the evidence and the record, we find no abuse of discretion in the trial court's reopening of the parties' divorce decree for the entry of an order dividing and distributing the parties' stimulus payment received from the federal government after the entry of this decree.

The unpublished case of *Jones v. Jones, supra,* has no application to this case for two reasons. First, the trial court in *Jones* granted relief under CR 60.02 on its own initiative, which is not contemplated under this rule. *Id.* at 1. Second, that case was based on an error made by the trial court that could have been corrected within ten days of entry of judgment under CR 52.02. *Id.* Neither of those two circumstances existed in this case and thus, Appellant's citation to this unpublished case is not persuasive.

Appellant next argues that even if the trial court was within its authority to enter a CR 60.02 order in this case, the court erred in finding that the stimulus payment was marital property and in sharing any portion of the funds with Appellee. Citing both Kentucky Revised Statutes (KRS) 403.190 and *Shively v. Shively,* 233 S.W.3d 738 (Ky.App.2007), Appellant contends that since Appellee was not working outside of the home during 2007, she is not entitled to any funds that may have stemmed from the parties' joint 2007 year tax return. In other words, since all of the income on the parties' joint return was produced by Appellant, he should keep the entirety of the stimulus payment. Having no basis in law or equity, we reject Appellant's arguments as being completely without merit.

"On appellate review of a trial court's ruling regarding the classification of marital property, we review *de novo* because the trial court's classification of property as marital or non-marital is based on its application of KRS 403.190; thus, it is a question of law." *Heskett v. Heskett,* 245 S.W.3d 222, 226 (Ky.App.2008). However, the trial court's distribution of marital property is reviewed under an abuse of discretion standard. *Herron v. Herron,* 573 S.W.2d 342, 344 (Ky.1978). In dividing marital property, the trial court must consider several factors including the contribution of each spouse to the acquisition and maintenance of the marital property. KRS 403.190.

In this case, Appellant does not dispute the fact that the stimulus check received by him after entry of the final divorce decree was based on information contained in and income reported on the parties' joint 2007 tax return. Moreover, he further does not dispute that this check was made payable to both parties. While the check was physically sent to Appellant after entry of the parties' final divorce decree, in view of these unique circumstances, we hold that the funds were nonetheless generated from the marital estate and thus, they were fairly classified as marital property by the trial court. In any

event, even if the funds were not marital property we hold that these funds were nevertheless the joint property of both parties. *See* KRS 403.190(1) (trial court shall assign "each spouse's property to him").

As for the distribution of this property, marital or non-marital, we find absolutely no abuse of discretion in the trial court's equal division of this property between the parties. In the very case Appellant cites as support for his argument that Appellee should be denied any portion of the stimulus payment, this Court noted:

> that the "contribution of a spouse as a homemaker" does not necessarily cease when the other spouse leaves, especially when minor children remain with the homemaker-spouse. Although she may no longer be providing services directly to her spouse, she may be assisting him by caring for his children, thus continuing to enhance to some degree his ability to earn a living.

*Shively*, 233 S.W.3d at 740 (quoting *Stallings v. Stallings*, 606 S.W.2d 163, 164 (Ky. 1980)).

Further, the stimulus payment was assigned to each member of the family, not just the "income earner" as Appellant contends. This was of course evident by the fact that the stimulus check was made payable to both parties and could not be cashed without both of their signatures. Accordingly, we find no error in the trial court's distribution of the stimulus check funds equally to each party.

For these reasons, we affirm the Bell Circuit Court's November 26, 2008, order distributing marital funds.

ALL CONCUR.