**Gay H. STALLINGS, Movant**

v.

**Robert G. STALLINGS, Respondent.**

Supreme Court of Kentucky.

Sept. 23, 1980.

D. H. Robinson, Bart Adams, Paula A. Bierley, Louisville, for movant.

William Blackburn, Louisville, for respondent.

LUKOWSKY, Justice.

The question presented is whether property acquired by a married person after an "actual" vis a vis a "legal" separation is marital property. The Court of Appeals answered negatively. We disagree.

Gay and Bob were married on August 20, 1962. They separated on January 1, 1976. Neither sought, and consequently, neither obtained, a decree of legal separation pursuant to KRS 403.140(2). A decree of dissolution of marriage was entered on June 16,

1978. Their property rights were adjudicated in a supplemental decree entered on December 1, 1978.

Only three items of property acquired after the marriage need be considered here:

| Property | Value at Separation | Value at Dissolution |
|---|---|---|
| Undistributed profits of law partnership | $61,046.51 | $100,161.00 |
| Individual Retirement Account | $ 1,500.00 | $ 5,025.76 |
| One-half equity in Florida Condominium | $ – 0 – | $ 4,750.00 |

Relying on *Culver v. Culver*, Ky.App., 572 S.W.2d 617, 623 (1978), the Court of Appeals held that only the values at separation were includable in the marital estate because the later increments in value were the product of Bob's individual earning capacity rather than the "team or joint efforts" of the parties.

KRS 403.190(2) provides in part:

"For the purpose of this chapter, 'marital property' means all property acquired by either spouse subsequent to the marriage except:

. . . . .

(c) Property acquired by a spouse after a decree of legal separation;

. . . . .

(e) The increase in value of property acquired before marriage to the extent that such increase did not result from the efforts of the parties during marriage."

Even a cursory examination of this statutory subsection makes the intent of the legislature as simple as "ABC".

A. All property acquired by either spouse after marriage is marital property unless it falls within one of the listed exceptions.

B. "Separation" means a legal one granted by a decree entered pursuant to KRS 403.140(2). The language of the legislature is so definitive it not only does not require, but rather prohibits, us from engrafting any exception based on mere "actual" separation.

C. The concept of "team or joint efforts" is not germane to the determination of whether property is marital or not. At most it may convert the increase in value of non-marital property into marital property.

Because Bob has failed to show that all or part of the three items of property, all of which were acquired subsequent to marriage, fall within the cited exceptions, they are marital property in their entirety.

The Court of Appeals apparently felt that exception (e) which refers to property acquired before marriage was applicable to marital property earned or purchased in the interim between an "actual" separation and the decree of dissolution. In other words, the Court sought to treat marital property as defined by the statute as nonmarital property. The statute is clear. It does not permit such an interpretation. What we have here is marital property because none of the items fit into any of the exceptions.

On remand, in distributing the marital property the trial court shall consider the factors in KRS 403.190(1)(a) through (d). One of these factors is the "contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker." In this respect, the concept of "joint or team effort" will apply to the property in issue because it is marital property.

It should be noted, however, that the "contribution of a spouse as a homemaker" does not necessarily cease when the other spouse leaves, especially when minor children remain with the homemaker–spouse. Although she may no longer be providing services directly to her spouse, she may be assisting him by caring for his children, thus continuing to enhance to some degree his ability to earn a living.

The decision of the Court of Appeals and the judgment of the Jefferson Circuit Court are affirmed in part and reversed in part, and this cause is remanded to the trial court for the entry of a judgment consistent herewith.

All concur except PALMORE, C. J., who did not sit.