**Rachel FORD, Appellant,**

v.

**Keith PERKINS, Appellee.**

No. 2011–SC–000330–DG.

Supreme Court of Kentucky.

Oct. 25, 2012.

William David Tingley, Fore, Miller & Schwartz, Louisville, KY, for appellant.

Dennis Ray Carrithers, Louisville, KY, for appellee.

Opinion of the Court by Justice SCHRODER.

This Court granted discretionary review of an opinion of the Court of Appeals affirming in part and reversing in part a judgment of the Jefferson Circuit Court. The circuit court determined that money held in an individual retirement account (IRA) maintained by Appellee Keith Perkins was marital property and ordered the funds to be divided equally between Keith and Appellant Rachel Ford. The Court of Appeals agreed that the IRA was marital property, but reversed the circuit court on the issue of allocating the asset between the parties equally, and remanded the matter to the circuit court with instructions to award Keith one hundred percent of the IRA. Because the circuit court failed to make necessary findings of fact prior to dividing the asset under KRS 403.190, the

circuit court's order dividing the account equally was improper, and we vacate that part of the judgment of Jefferson Circuit Court and the opinion of the Court of Appeals, and remand for further proceedings.

## I. BACKGROUND

Rachel Ford and Keith Perkins were married on December 12, 1998. At that time, Keith was an employee of a family-owned company, Perkins Scale Corporation, and Rachel was pursuing a Masters degree in political science. At some point, Keith began making contributions into an employer-sponsored 401K retirement plan. Meanwhile, Rachel graduated in 1999 and thereafter became a homemaker.[1] Keith and Rachel separated on or about November 2, 2007. Keith filed a Petition for Dissolution of Marriage one month later. Subsequently, the parties entered mediation and an Agreed Order was entered on August 8, 2008, establishing temporary spousal support for Rachel and dividing various assets, including real property, stocks, automobiles, rental income, and personal property. On November 26, 2008, Rachel filed a Petition for Dissolution of Marriage. The Jefferson Circuit Court entered a Decree of Dissolution of Marriage on December 23, 2008. A second Agreed Order resolved all but one of the remaining property issues, and a trial was held on April 15, 2009, to determine what portion of Keith's retirement account was marital property.

Keith testified at the trial that he contributed $30 per week to a 401K plan, and that Perkins Scale matched his contribution, for a total of $60 per week from September 1992 through January 2001, when he resigned from Perkins Scale. Keith submitted records from Perkins Scale which revealed contributions made to the 401K plan *after* his marriage to Rachel, from August 2000 through January 2001, however, Keith did not submit any records purporting to establish the value of the 401K account prior to or at the time of his December 1998 marriage, or the value of the contributions made to the account from December 1998 through August 2000.[2] After resigning from Perkins Scale in January 2001, Keith rolled over the 401K account into an individual retirement account (IRA). The records revealed that the value of the account as of May 2001 (when the employment-based 401K was rolled over into an individual IRA) was $106,974.30 and that it was $134,249.35 as of December 31, 2008 (the month of the decree of dissolution of marriage).

In his pretrial brief and proposed order, Keith argued that the evidence established that the marital interest in the IRA was $6,540.00 at the time of its rollover, which was increased due to market conditions to $8,202.63, by the date of the decree of dissolution. He premised this argument by extrapolating from the contribution records he submitted from August 2000 through January 2001. In finding that the

1. She indicated that she had applied for various positions related to her field of study but that her efforts did not result in employment. She reported that during the first years of her marriage, she had made a Christian music record which was not successful. She also indicated that in 2001 she won the Mrs. Kentucky pageant and spent the following year discharging her duties as Mrs. Kentucky. Ultimately, she and her mother created an Ebay store which primarily sold high-end handbags, however, this commercial activity occurred after contributions had ceased to be made into the retirement account.

2. Perkins Scale indicated that the records prior to August 2000 were destroyed by flood. Likewise, Keith argued that his own personal records concerning this account were also destroyed by flood.

entire value of the account was marital property, the trial court emphasized that a party claiming a nonmarital interest in property bears the burden of proof, *Sexton v. Sexton*, 125 S.W.3d 258, 266 (Ky.2004), and that Keith failed to submit any proof of the value of the retirement account, or his contributions to the account, prior to or after his 1998 marriage. Having found the entire account to be marital property, the trial court determined that it must be divided between the parties equally as of the date of the decree.

Keith appealed the trial court's order to the Kentucky Court of Appeals. The Court of Appeals affirmed the trial court's finding that the account was marital property, noting that it was undisputed that the only documentation of Keith's contributions to the account was approximately two years after the parties' marriage; however, the Court of Appeals reasoned that because no evidence was presented that Rachel made any direct or indirect contribution to the account, the 50–50 division of the asset was not supported by the record. The Court of Appeals remanded to the trial court with instructions to award Keith one hundred percent of the IRA.

Pursuant to CR 76.20, Rachel moved this Court to grant discretionary review of the following issues of the Opinion Affirming in Part, Reversing in Part, and Remanding entered by the Court of Appeals: (1) whether a finding by the trial court that the parties were married when the asset in question was acquired is sufficient to support equal division of the asset under *Gaskill v. Robbins*, 282 S.W.3d 306 (Ky.2009); (2) does the Court of Appeals have jurisdiction to make a different award of the division of marital property without applying the factors under KRS 403.190; and (3) is the Court of Appeals required to set out in its decision the evidence relied upon to make a new award of the division of marital property under KRS 403.190.

This Court granted Rachel's motion for discretionary review; however, Keith did not file a cross-motion for discretionary review pursuant to CR 76.21.[3] Thus, the issue on appeal concerns only the appropriate allocation of the IRA as marital property.[4]

## II. ANALYSIS

Rachel's arguments may be succinctly stated as (1) whether a finding by the trial court that the parties were married when an asset was acquired is sufficient to support equal division of the asset under *Gaskill v. Robbins*, 282 S.W.3d 306 (Ky.2009); and (2) whether, on appeal, the Court of Appeals may make a different award of the division of marital property without applying the factors under KRS 403.190 or otherwise identifying the evidence relied on in applying the factors under KRS 403.190. We opine that this Court's ruling in *Gaskill* is not so broad to permit a trial court to order an equal division of marital property without specifically considering the factors under KRS 403.190. Nevertheless, because we opine that the Court of Appeals erred in substituting its judgment for that of the trial court by ordering a new division of marital property, and by

3. Keith filed a response arguing that this Court should deny Rachel's motion for discretionary review, but he did not file a cross-motion for discretionary review. CR 76.21(1) provides that:

 If a motion for discretionary review is granted, the respondent shall then be permitted ten days thereafter in which to file a cross motion for discretionary review designating issues raised in the original appeal which are not included in the motion for discretionary review but which should be considered in reviewing the appeal in order to properly dispose of the case.

4. Keith did not seek discretionary review of the Court of Appeals' determination that the trial court properly determined that the entire IRA was marital property.

similarly failing to apply factors under KRS 403.190, we vacate and remand.

 Our standard of review in this matter is two-fold. First, any interpretation of a statute is a matter of law. *Commonwealth v. Gaitherwright,* 70 S.W.3d 411, 413 (Ky.2002). Thus, the construction and application of statutes are interpreted *de novo,* without deference to the interpretations adopted by lower courts. *Wheeler & Clevenger Oil Co., Inc. v. Washburn,* 127 S.W.3d 609, 612 (Ky.2004). Secondly, the trial court's findings of fact will "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR 52.01; *See Bailey v. Bailey,* 231 S.W.3d 793, 796 (Ky.App.2007).

 Rachel's first argument is that, under *Gaskill* and KRS 403.190, once the trial court made a finding that the parties were married, it was entitled to *presume* that Rachel had contributed to the acquisition of the disputed IRA. We disagree.

KRS 403.190, the property distribution statute, identifies the factors a trial court must consider as it divides marital property. Specifically, KRS 403.190(1) provides that the trial court shall:

... divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:

(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

(b) Value of the property set apart to each spouse;

(c) Duration of the marriage; and

(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

Rachel argues that in *Gaskill* this Court suggested that some contributions to the marital estate (the first factor under KRS 403.190) may be presumed by the existence of the marriage itself. This proposition, she argues, is implied by the following language in *Gaskill* discussing KRS 403.190:

The property division statute looks at each spouse's contribution to acquiring the marital estate, and there is no question that on that factor the weight of the evidence lies in favor of Gaskill if numbers alone are considered. However, while the amount of the marital estate may be easily allocated between earners, the ability to work with the support of a spouse and co-parent is an intangible that goes beyond dollars. **All of the work done by either spouse during the marriage is done for the marital purpose:** having someone, within the bounds of law, with whom one shares a union that allows for joint homemaking, co-parenting if children are born, and experiencing life in general with another. Within the marital arrangement, abilities are often unequal, the use of one's time varies according to present need, and each spouse does things to accommodate the other. How the parties earn money and build wealth is affected by these variables, but is done for common purpose. **The term "contribution" thus has tangible and intangible components that must be weighed by the trial court.**

*Gaskill,* 282 S.W.3d at 317 (Ky.2009) (emphasis added). Although we agree with Rachel that the language in *Gaskill* emphasized above identifies intangible contributions that, if introduced, a trial court must consider in its division of assets, nothing in *Gaskill* or KRS 403.190 purports to create a *presumption* that evidence of a marriage alone, without evi-

dence of some form of contribution (tangible or intangible), satisfies the requisite multi-factor consideration required under KRS 403.190. To the contrary, this Court in *Gaskill* reiterated that "there is no presumption of a 50–50 division without regard to the evidence," and that "starting the parties off in an even position in order to determine how to apportion is not unreasonable, provided that the trial court considers '*all relevant factors.*'" *Id.* at 316 (quoting KRS 403.190) (emphasis added).

■ Rachel's next argument is that the Court of Appeals erred by awarding one hundred percent of the retirement account to Keith without applying the factors under KRS 403.190 or otherwise identifying the evidence it relied on in applying the factors under KRS 403.190. We agree.

While noting that the trial court did not specifically consider the KRS 403.190(1) factors and arguing that the trial court "simply concluded in its order that 'the entire IRA is marital and must be divided between the parties equally as of the date of the decree,'" the Court of Appeals nevertheless committed the same error by then concluding, without considering the other three factors, that "[t]he only evidence presented at trial on *the issue of contribution* compelled a decision awarding Keith 100% of the IRA." (Emphasis added.) As a consequence, the Court of Appeals failed to consider any evidence of the other three factors, namely, the value of the property set apart to each spouse, the duration of the marriage, and the economic circumstances of each spouse when the division of property is to become effective.[5]

Clearly, the trial court failed to make sufficient findings under KRS 403.190 prior to dividing the retirement account. The provisions of KRS 403.190(1) as to the division of marital property require that the trial court divide the property of the parties in just proportions and consider all relevant factors. CR 52.01 requires a trial court to "find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment. . . ." The trial court has not met the requirements of CR 52.01 and, therefore, we cannot determine if the requirements of KRS 403.190(1) are met. Having found that the trial court's findings of fact were insufficient, the Court of Appeals should have remanded the matter for further proceedings. *See, e.g., Brosick v. Brosick,* 974 S.W.2d 498, 503 (Ky.App.1998). On remand the trial court is instructed to conduct additional fact-finding in order to consider the other relevant factors under KRS 403.190.

For the foregoing reasons, we vacate in part the opinion of the Court of Appeals allocating one hundred percent of the IRA to Keith and that part of the Jefferson Circuit Court's judgment allocating fifty percent of the account each to Keith and Rachel, and remand to the Jefferson Circuit Court for further proceedings consistent with this opinion.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, and SCOTT, JJ., concur. VENTERS, J., not sitting.

---

**5.** Rachel also argues that because the trial was limited in scope to the determination of whether the retirement account was marital or nonmarital property, she did not have the opportunity to present evidence of her possible intangible contribution to the account in her role as a homemaker. Because we are remanding with instructions to conduct additional fact-finding in order to consider the other relevant factors under KRS 403.190, Rachel will have the chance to present evidence of any potential tangible or intangible contributions she made to the retirement account.