RENDERED:  DECEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0479-MR

FAIZ SALEHI                                                          APPELLANT


v.
APPEAL FROM KNOX CIRCUIT COURT
HONORABLE STEPHEN M. JONES, JUDGE
ACTION NO. 18-CI-00177


HOMEIRA KANJOURI                                                     APPELLEE


OPINION
AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE:  Faiz Salehi ("Salehi") appeals from the Knox Family Court's

findings of fact, conclusions of law, judgment, and final decree dissolving his

marriage to Homeira Kanjouri ("Kanjouri").  Salehi argues the family court failed

to make adequate findings under CR[1] 52.01 concerning its division of property and

---

[1] Kentucky Rules of Civil Procedure.

failed to assign property pursuant to KRS[2] 403.190.  After review, we reverse as to the family court's division of property and remand for further proceedings.

## I.  Background

Salehi and Kanjouri were married on March 8, 2011, in Las Vegas, Nevada.  The couple initially lived in Canada but moved to Kentucky in 2014 when Salehi was hired as a college professor.  The parties separated on or about July 28, 2017.  On April 25, 2018, Salehi filed a verified petition for dissolution of marriage in Knox Family Court requesting the court to dissolve the marriage and divide the parties' property.

An evidentiary hearing was held on January 16, 2019.  The testimony was conflicting as to whether the parties acquired any real property during the marriage.  Salehi testified that Kanjouri owned two real estate properties in Canada, one acquired during her first marriage and a condo during the time they were dating, but was unsure whether the condo purchase was finalized before or after the parties' marriage.  Kanjouri testified she bought and sold the condo before the marriage.  She also produced an alleged pre-nuptial contract dated March 2011 excluding the Canadian properties from marital property.  Salehi disputed that he signed the contract; however, the document was notarized.

---

[2] Kentucky Revised Statutes.

Salehi testified he wrote checks to Kanjouri to pay the mortgage of the Canadian properties but was unsure what she did with the money. Salehi produced photocopies of many canceled checks, including one from December 2011 for $35,000.00.

Salehi also testified concerning items of personal property he alleged Kanjouri took from the home at the time of their separation, including: a dog, a laptop computer, several USB drives, a mobile phone, suitcases, and a coin collection, among other things. Salehi said most of the items were acquired prior to the marriage. Kanjouri admitted to having the dog and an apartment key in her possession but denied taking any of the other items.

Following the hearing, the family court deferred making detailed findings until reviewing the exhibits but found from the bench that the marriage was irretrievably broken and granted the dissolution, restored Kanjouri's maiden name, and ordered that each of the parties keep the personal property in their possession, as well as any debt, except for the items Salehi alleged were stolen. The family court requested proposed findings as to real property, debts, retirement, bank accounts, and the dog.

On February 18, 2019, the family court entered a final decree containing written findings of fact and conclusions of law. It found the parties did not own any marital real estate and awarded the Canadian real estate to Kanjouri,

finding that there was insufficient evidence of Salehi's equity in the property. The court also awarded each party their personal property in their possession, with the dog being awarded to Kanjouri. It similarly awarded each party its respective vehicles, bank accounts, and retirement accounts. This appeal followed.

## II. Standard of Review

An appellate court reviews a trial court's factual findings for clear error. CR 52.01. "If the trial judge's findings of fact in the underlying action are not clearly erroneous, *i.e.*, are supported by substantial evidence, then the appellate court's role is confined to determining whether those facts support the trial judge's legal conclusion." *Barber v. Bradley*, 505 S.W.3d 749, 754 (Ky. 2016) (citation omitted). "[A]ppellate review of legal determinations and conclusions from a bench trial is *de novo*." *Id.* (citation omitted).

## III. Analysis

At the outset, we note that Kanjouri did not file an appellee brief. Pursuant to CR 76.12(8)(c):

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

We have chosen to accept the appellant's statement of the facts and agree that Salehi's brief justifies the reversal he seeks. Salehi argues the family court erred in failing to make adequate findings pursuant to CR 52.01 regarding the marital or nonmarital nature of the disputed property and failing to apply the factors in KRS 403.190 or identify the evidence it relied on in applying the factors in KRS 403.190. Salehi notes that the family court found the Canadian condo was nonmartial property with no findings supporting its classification—despite Salehi's testimony that the condo purchase was finalized after the parties' marriage. Similarly, the court awarded the dog to Kanjouri without finding the dog was marital or nonmarital property, nor findings explaining its division.

CR 52.01 provides that in all actions tried upon the facts without a jury, "the court shall find the facts specifically and state separately its conclusions of law thereon. . . ." However, CR 52.04 states that a final judgment "shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment" unless that omission has been brought to the court's attention by a written request for that finding or by a motion filed within ten days of the entry of the judgment. Here, Salehi did not file a motion for additional findings within ten days of the entry of judgment.

Notwithstanding, "CR 52.01 requires that the judge engage in at least a good faith effort at fact-finding and that the found facts be included in a written

-5-

order. Failure to do so allows an appellate court to remand the case for findings, even where the complaining party failed to bring the lack of specific findings to the trial court's attention." *Anderson v. Johnson*, 350 S.W.3d 453, 458 (Ky. 2011).

The family court's order in this case contains very few findings of fact to support its conclusions—falling short of the requirements of CR 52.01. "To perform meaningful review of a trial court's decision, this Court must be able to fully understand the facts and evidence upon which the court relied. Without specific findings, this Court 'cannot discern the basis of the circuit court's decision and there can be no meaningful review[.]'" *Patmon v. Hobbs*, 495 S.W.3d 722, 728 (Ky. App. 2016) (quoting *Kindred Nursing Centers Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 348 (Ky. App. 2010)).

Further, "[t]o divide personal property in a divorce, the trial court is obligated to follow the procedure set forth in KRS 403.190." *Barber*, 505 S.W.3d at 759. When dividing property in a divorce, a trial court is required to follow a three-step process:

> (1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties.

*Travis v. Travis*, 59 S.W.3d 904, 909 (Ky. 2001) (footnotes omitted). The property division statute, KRS 403.190(1), contains factors which the trial court must consider for a division of marital property:

>   (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;
>
>   (b) Value of the property set apart to each spouse;
>
>   (c) Duration of the marriage; and
>
>   (d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

*Ford v. Perkins*, 382 S.W.3d 821, 824 (Ky. 2012) (quoting KRS 403.190(1)).

The family court's order contains no mention of the statutory factors in KRS 403.190, no assessment of exactly which property is marital or nonmarital, and no discussion of the evidence it relied upon in applying the factors. For example, the family court awarded Kanjouri sole ownership of the dog, but there is no finding the dog is marital or nonmarital property, nor reasoning why the dog was awarded to Kanjouri when Salehi testified he purchased the dog during the marriage. There is simply no analysis why any of the property was divided the way it was. A trial court errs when it "fail[s] to make sufficient findings

under KRS 403.190 prior to dividing" assets in a divorce. *Ford*, 382 S.W.3d at 825.

In *Ford*, the Kentucky Supreme Court addressed a similar situation concerning a trial court's division of an individual retirement account (IRA). The trial court found the IRA was marital property and divided the account equally between the parties. On appeal, the Court of Appeals affirmed the trial court's finding that the account was marital property but remanded to the trial court with instructions to award 100 percent of the account to the husband, because there was no evidence the wife contributed to the account.

On discretionary review, the wife argued that the Court of Appeals erred in awarding 100 percent of the IRA to the husband without applying the factors in KRS 403.190 or identifying the evidence it relied on in applying the factors. The Supreme Court agreed, holding:

> Clearly, the trial court failed to make sufficient findings under KRS 403.190 prior to dividing the retirement account. The provisions of KRS 403.190(1) as to the division of marital property require that the trial court divide the property of the parties in just proportions and consider all relevant factors. CR 52.01 requires a trial court to "find the facts specifically and state separately its conclusions of law thereon and render an appropriate judgment . . . ." The trial court has not met the requirements of CR 52.01 and, therefore, we cannot determine if the requirements of KRS 403.190(1) are met. Having found that the trial court's findings of fact were insufficient, the Court of Appeals should have remanded the matter for further proceedings. *See*,

> *e.g.*, *Brosick v. Brosick*, 974 S.W.2d 498, 503 (Ky. App. 1998). On remand the trial court is instructed to conduct additional fact-finding in order to consider the other relevant factors under KRS 403.190.

*Ford*, 382 S.W.3d at 825.

Similarly, here the family court's order lacks sufficient findings supporting its rationale, preventing meaningful review. The findings of fact are mostly conclusions concerning the division of property, while the conclusions of law are a single paragraph concerning the court's jurisdiction and stating the marriage should be dissolved. While admittedly the parties' assets were not plentiful nor the division complex, a trial court is obligated to make findings on the marital or nonmarital nature of property in dispute and make a just division of the couple's marital property by considering all relevant factors, including those listed in KRS 403.190(1). *See Barber*, 505 S.W.3d at 760-61.

On remand, the family court is instructed to make detailed findings of fact and conclusions of law concerning the marital and nonmarital nature of the property, including the disputed property, and make a just division of the property by considering all relevant factors under KRS 403.190.

## IV. Conclusion

For the foregoing reasons, we affirm the judgment of dissolution of marriage entered by the Knox Family Court on February 18, 2019, but reverse those portions of the judgment concerning division of assets, and remand for a

-9-

hearing for the family court to receive evidence for the record. Thereafter, the family court shall enter an amended judgment containing explicit findings of fact and conclusions of law supporting its decisions on asset division with appropriate consideration of the factors outlined in KRS 403.190.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FILED FOR APPELLEE

Danny Lee Lunsford, Jr.
Harlan, Kentucky