RENDERED: APRIL 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky
# Court of Appeals

NO. 2022-CA-0174-MR

ANGELA HAYDEN                                                    APPELLANT

v.       APPEAL FROM WASHINGTON CIRCUIT COURT
         HONORABLE SAMUEL TODD SPALDING, JUDGE
         ACTION NO. 21-CI-00015

VICTOR LAMONT HAYDEN                                             APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART, VACATING IN PART, AND
REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE,
JUDGES.

GOODWINE, JUDGE: The Appellant, Angela Hayden ("Angela"), appeals from

an order of the Washington Circuit Court which classified a 401(k) retirement

account of the Appellee, Victor Hayden ("Victor"), as non-marital and awarded the

entirety of the account to Victor. After carefully reviewing the briefs submitted

and the law, we affirm in part, reverse in part, vacate in part, and remand for further proceedings.

## STATEMENT OF FACTS

The parties married in 1998. Throughout the marriage, both parties served in the United States military and currently receive some income due to their respective service. Victor retired from the military in 2009 after serving for about 22 years. In 2010, Angela was stationed in Japan, and Victor did not go with her. Angela returned to the United States in September of 2012 and began living in Bardstown, while Victor lived with his father in Lebanon. Both parties frequently stayed at each other's homes after Angela's return in 2012, and the last time they had sexual relations was on or around January 1, 2013.

Victor began working with Curtis-Maruyasu America in 2013 and contributed to a 401(k) retirement plan in 2014. The parties continued staying with one another sporadically until 2017, when Angela moved to Oklahoma, where she remained until 2019. Upon Angela's return, the parties testified that she would spend some occasional weeks at Victor's residence in Springfield until December 2020, when Victor asked Angela to leave and not come back unless the parties' grandchildren were visiting. The parties filed joint tax returns through 2019. They maintained a joint bank account from which both paid bills and expenses until February 2021, when Angela filed a petition for dissolution.

A final hearing was set for January 7, 2022.  Before that hearing, the parties were able to reach some agreements and factual stipulations.  (Record ("R.") at 28-31.)  Six (6) disputed issues remained for the January 7, 2022, hearing, but the one at issue on this appeal is the division of Victor's 401(k).  One other issue of contention that arose during the hearing was the exact date on which the parties separated.  The date of separation is unclear from the record, and the circuit court heard extensive testimony from both parties on that topic.[1]  Victor argued that the parties were essentially separated in 2010 when he did not go with Angela to Japan.  Alternatively, he argued they were indeed separated in 2012 when they mostly lived separately.  Angela argued that December 2020 was when the parties separated, when Victor asked her to leave his residence.  The circuit court made no rulings concerning the 401(k) at the hearing; Judge Spalding merely noted that he could understand both sides of the argument with the 401(k) and would have to sleep on the issue.  (Video Record – Jan. 7, 2022, Hearing at 10:41:30.)

The circuit court issued findings of fact and order on January 11, 2022, in which it found that the parties separated in early 2013 and awarded the entirety of the 401(k) to Victor, finding:  "[Victor's] 401K at Curtis-Maruyasu America with a current balance of $39,279.42, is his non-marital asset.  The [c]ourt

---

[1] The initial petition filed by Angela indicates a separation date of July 3, 2017.  (R. at 2.)  The initial response filed by Victor recites a separation date of December 15, 2012.  (R. at 6.)

concludes this asset is non-marital because [Victor] did not begin making contributions to this 401K until February, 2014, approximately thirteen months after the parties['] separation."  (R. at 84.)

This appeal followed.  On appeal, Angela argues that the circuit court erred in finding that the date of separation was January 1, 2013, and erroneously used that date to classify Victor's 401(k) as a non-marital asset and award him its entirety.  Instead, she maintains that the 401(k) should have been deemed a marital asset and divided equally.

## STANDARD OF REVIEW

Kentucky Rule of Civil Procedure ("CR") 52.01 provides that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."  A judgment is not clearly erroneous if it is supported by substantial evidence, which is "evidence of substance and relevant consequence having the fitness to induce conviction in the minds" of reasonable people.  *Owens-Corning Fiberglas Corp. v. Golightly*, 976 S.W.2d 409, 414 (Ky. 1998) (citing *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972)).

The classification of an asset as "marital or nonmarital is reviewed under a two-tiered scrutiny in which the factual findings made by the court are reviewed under the clearly erroneous standard and the ultimate legal conclusion

-4-

denominating the item as marital or nonmarital is reviewed *de novo*." *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006); *see also Heskett v. Heskett*, 245 S.W.3d 222, 226 (Ky. App. 2008). Additionally, if the circuit court's classification of the marital property is proper, its value determination and division of marital assets are reviewed for an abuse of discretion. *See Young v. Young*, 314 S.W.3d 306, 308 (Ky. App. 2010) (citations omitted).

## **ANALYSIS**

The first issue we shall address is whether the circuit court erroneously determined that the parties' separation date was in early 2013. It is undisputed that neither party nor the circuit court believes that the parties "legally" separated in 2013; there was no decree of legal separation, and there was no property settlement agreement into which the parties entered before the January 2022 hearing. Instead, the issue involves the date on which the parties were physically separated.

The circuit court is the finder of fact and has the sole authority to judge the credibility of witnesses and weigh the evidence before it. *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003). In the instant case, the circuit court heard extensive testimony from both parties on the date of separation. In its order, it considered all evidence presented and decided that the parties physically separated in early 2013. It is undisputed that both parties agreed that the last time

-5-

that they sexually cohabitated was in January 2013. KRS[2] 403.170 provides that no decree of dissolution shall be entered until the parties have "lived apart" for 60 days, and "living apart" includes any period during which the parties are living together under the same roof, if they do so "without sexual cohabitation." The circuit court did not err in weighing all the evidence presented and determining that January 2013 is when the parties physically separated.

Angela essentially reiterates the factual argument made before the circuit court, maintaining that the parties' holding themselves out to be married (for the benefit of their grandchildren); joint filing of tax returns until 2019; and comingling of finances until 2021 necessitate a finding that the separation date was much closer to when the petition for dissolution was filed. We are unpersuaded by this argument. The circuit court has extremely broad discretion with respect to testimony presented and may choose to believe any or none if it so chooses. *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007). In this case, the circuit court believed Victor's testimony that the parties were essentially occasional roommates after 2012. The circuit court's finding is supported by substantial evidence. So, we find that the circuit court committed no clear error and affirm its determination. However, the date of physical separation has no bearing whatsoever on the classification of property in an action for dissolution.

---

[2] Kentucky Revised Statutes.

KRS 403.190(1) grants the power to the circuit court to assign and divide marital assets in a dissolution proceeding. KRS 403.190(2) also defines "marital property," stating it is all property acquired by either spouse after the marriage unless an enumerated exception applies, those exceptions being:

> (a) Property acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom; (b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; (c) Property acquired by a spouse after a decree of legal separation; (d) Property excluded by valid agreement of the parties; and (e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.

Additionally, KRS 403.190(3) provides a presumption that all property obtained during a marriage is to be considered marital property and further states that the only way to overcome the presumption is for a party to prove the property falls within one of the enumerated exceptions.

The courts have strictly held to the mandate that an exception must apply for property acquired during marriage to be considered non-marital. *Stallings v. Stallings*, 606 S.W.2d 163, 164 (Ky. 1980). In *Stallings*, the Kentucky Supreme Court heeded the plain language of the statute, stating the presumption is clear, "separation" by the statute means a decree of legal separation and not

-7-

"actual" or mere physical separation, and "team or joint efforts" are not germane to the classification of marital property; "[a]t most [the concept of team or joint efforts] may convert the increase in value of non-marital property into marital property." *Id.*

In the present case, Victor did not prove that his 401(k) fell within any of the enumerated exceptions, the circuit court did not find that it fell within any of the exceptions, and we cannot glean from the findings of fact made that a 401(k) started and contributed to during the marriage is anything but marital. The 401(k) was not a gift; it was not an asset acquired in exchange for non-marital property; it was not acquired after a legal separation; it was not excluded by a valid agreement; and it was not an increase of value of non-marital property. *See* KRS 403.190(2). Accordingly, the circuit court erred when it classified the 401(k) as non-marital property, and we must reverse the January 11, 2022, findings of fact and order to that extent. We next turn to whether the division of the 401(k) was proper.

As previously mentioned, KRS 403.190(1) grants the power to the circuit court to assign and divide marital assets in dissolution proceedings. The statute also specifically enumerates some factors to be considered when dividing marital assets.[3] While the statute mandates that the division must be in "just"

---

[3]  (a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

-8-

proportions, it is well established that "just" doesn't mean equal; it means in consideration of the factors laid out in the statute. *McGowan v. McGowan*, 663 S.W.2d 219, 223 (Ky. App. 1983) (citing *Quiggins v. Quiggins*, 637 S.W.2d 666, 669 (Ky. App. 1982)); *see also Russell v. Russell*, 878 S.W.2d 24, 25 (Ky. App. 1994). When making divisions of property, the courts have outlined a three-step process: "(1) the trial court first characterizes each item of property as marital or nonmarital; (2) the trial court then assigns each party's nonmarital property to that party; and (3) finally, the trial court equitably divides the marital property between the parties." *Travis v. Travis*, 59 S.W.3d 904, 908-09 (Ky. 2001) (footnotes omitted). Regarding a just division as outlined in the third step of *Travis*, the Kentucky Supreme Court recently held that failing to engage in an analysis of the KRS 403.190(1) factors when dividing a 401(k) deemed to be marital property is reversible error and merely citing the statute is not enough. *Thielmeier v. Thielmeier*, ___ S.W.3d ___, 2022 WL 17726617, at *7 (Ky. Dec. 15, 2022) (citations omitted) (to be published). Of particular note, the court in *Thielmeier*

---

(b) Value of the property set apart to each spouse;

(c) Duration of the marriage; and

(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

-9-

also held that the circuit court erred by dividing the 401(k) at issue as of the date of separation instead of the date of the decree of dissolution and awarding the entirety of the contributions made between those dates to the contributing party. *Id.*

In the present case, the circuit court did not consider the factors laid out in KRS 403.190(1) – by classifying the 401(k) as a non-marital asset, the circuit court did not reach the requirement that it do so. Because the circuit court erred in its classification of the 401(k) in the first step of the process outlined in *Travis*, it did not make it to the third step and make the requisite findings of fact required under the factors in KRS 403.190(1). And even if the circuit court had properly classified the 401(k), because it divided the 401(k) based on the date of separation and did not engage with the factors of KRS 403.190(1), it would have made the exact same mistakes as the circuit court in *Thielmeier*. We must therefore remand this case for further proceedings so the circuit court can consider those factors. *Id.* at \*8, *see Stallings*, 606 S.W.2d at 164; *see also Ford v. Perkins*, 382 S.W.3d 821, 825 (Ky. 2012). Upon remand, we remind the circuit court of the holdings in *Ford*, namely, for each of the factors enumerated in KRS 403.190(1), CR 52.01 requires the circuit court to make specific findings of fact and state its conclusions of law. 382 S.W.3d at 825.[4]

---

[4] In *Ford*, the Kentucky Supreme Court held that both the circuit court and the Court of Appeals erred in failing to consider each of the factors outlined in KRS 403.190(1) when it awarded 100% of an IRA, that was deemed a marital asset, to one party. 382 S.W.3d at 825.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's January 11, 2022 findings of fact and order to the extent that it found January 1, 2013, as the date of separation for the parties. We reverse the circuit court's classification of Victor's 401(k) as non-marital property. Finally, we vacate the division of the 401(k) and remand for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Cameron C. Griffith
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Rebecca A. Hurst
Danville, Kentucky

---

Additionally, there is no presumption that "evidence of a marriage alone, without evidence of some form of contribution (tangible or intangible), satisfies the requisite multi-factor consideration required under KRS 403.190." *Id*. at 824-25.