RENDERED: JUNE 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0274-MR

MICQUEL BROWN             APPELLANT

v.             APPEAL FROM JEFFERSON FAMILY COURT
HONORABLE DERWIN L. WEBB, JUDGE
ACTION NO. 18-CI-502191

JAMON BROWN             APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: This appeal is from family court orders classifying

property acquired after an alleged separation date as non-marital and prohibiting

the introduction of any evidence about a professional athlete spouse's financial

matters after the alleged separation date. The parties were not legally separated,

and the professional athlete spouse signed a multi-million-dollar contract while the

dissolution proceeding was still pending. We reverse and remand for further proceedings consistent with this Opinion.

**FACTS**

Appellant Micquel Brown (Micquel) and Appellee Jamon Brown (Jamon) were married in March 2016. They have a child together, who was born in 2013. Jamon has been a professional football player since 2015.

In late March 2018, Jamon filed a petition for dissolution in Jefferson Family Court. Since the parties had not yet been residing in Kentucky for the preceding 180 days, that action was later dismissed. The record for that case is not before us.

In August 2018, Jamon filed a second petition for dissolution in Jefferson Family Court. He alleged, *inter alia*, that the parties had separated on January 15, 2018. Micquel filed a response to the petition. She denied, *inter alia*, the allegation about the January 2018 date of separation.

While the dissolution action was pending, Jamon signed a multi-million-dollar contract with the Atlanta Falcons in March 2019. A trial date was set for May 2020. But the trial was later continued for various reasons.

In February 2020, Jamon filed a motion to set the date of valuation of the marital estate as January 15, 2018 (the date of separation according to him) or August 8, 2018 (the date he filed the present dissolution action). He claimed

Micquel caused undue delay in the proceedings by originally challenging the family court's jurisdiction in order to benefit from his March 2019 contract.

In mid-February 2020, the family court orally addressed various matters with the parties at a non-evidentiary hearing to avoid delaying the May 2020 trial date. The family court noted Jamon's motion to value the marital estate as of January 15, 2018 – the date of separation according to the dissolution petition – among various other pending pre-trial motions. But the family court did not rule on this motion or substantively discuss the motion at that time.

A few days later, Micquel filed a written response objecting to the motion to value the marital estate as of January or August 2018. She noted certain delays which were not the fault of either party. She also asserted that Jamon caused additional delays by not timely or adequately responding to discovery requests. She further claimed Jamon had dissipated marital assets and that it was impossible to properly account for several million dollars of income he received.

Micquel also cited authority providing that all property acquired after the marriage and before a decree of dissolution or legal separation was presumed marital. And she argued that the marital estate must be valued as of the date of the dissolution decree under Kentucky law.

Jamon filed a reply to her response, stating the parties had been separated since January 2018. He asserted: "This court has the authority to set the

date of valuation in just proportions and can set the date of the valuation separate from the date of dissolution." He again asked the family court to set a valuation date of either January 15, 2018, or August 2018.

On March 17, 2020, the family court entered a terse order granting Jamon's motion and stating the marital estate would be valued as of January 2018. The order also stated: "the determination of the value of the assets of the estate shall be as of that date without appreciation or increase in value of the marital estate attributable to events occurring after that date."

Micquel filed a motion to alter, amend, or vacate the March 17 order. She argued the order was contrary to law and pointed out the order did not provide any explanation of law or fact why the family court made its decision. She also alternatively requested that the family court make additional findings of fact and "make its March 17, 2020 Order final and appealable."

The family court denied Micquel's motion to alter, amend, or vacate its order of March 17, 2020. But the family court also amended the March 17, 2020, order to state it was final and appealable and there was no just reason for delay.

Micquel filed an appeal from the family court's orders setting a January 2018 date of valuation for the marital estate and denying her motion to

alter, amend, or vacate. In August 2020, this Court dismissed the appeal as being from an interlocutory order and family court proceedings resumed.

In May 2021, Jamon filed a motion *in limine* requesting the family court to prohibit the introduction of any evidence concerning his financial matters after January 2018. He noted the March 2020 order set January 2018 as the date of valuation for the marital estate.

Micquel filed a response objecting to Jamon's motion *in limine*. She asserted the March 2020 order setting a January 2018 date of valuation of the marital estate was interlocutory and subject to change and again urged the family court to vacate that order. She disputed that the parties separated in January 2018, claiming they did not physically separate until much later. She also asserted that information about Jamon's post-January 2018 financial matters was necessary for proper consideration of other matters such as maintenance, child support, and attorney fees as well as valuing and dividing the marital estate.

In July 2021, the family court entered a terse written order granting Jamon's motion *in limine* to exclude evidence about his post-January 2018 financial assets "as previously ordered March, 2020." And shortly thereafter, it set a new trial date for February 2022.

Before the new trial could take place, however, the parties entered into a marital settlement agreement in December 2021 following mediation. A

provision in the agreement about personal property stated the parties lived apart since January 2018. The agreement provided that Jamon would pay a sum certain for Micquel's attorney fees and a specific monthly sum for child support but did not address maintenance. The agreement also provided that Jamon would make an equalization payment in lieu of a division of assets and as a full and final settlement of Micquel's marital interest in property owned by Jamon since the marriage date subject to Paragraph 27 of the agreement. The agreement also noted the parties did not own any joint real estate as of January 2018. It further stated Jamon owned any other real estate purchased since the January 2018 valuation date free and clear of any interest of Micquel subject to Paragraph 27 of the agreement.

Paragraph 27 recited as follows:

27. RESERVATION OF RIGHT TO APPEAL. The parties only reached a settlement because the trial court entered orders:

a. That the marital estate shall be valued as of January 2018; and

b. That the determination of the value of assets of the estate shall be as of January 2018 without appreciation or increase in value.

The parties did not settle this case using the current assets, the current asset values, and/or Micquel's ability to introduce evidence of current assets or values at trial. The parties agree that Micquel reserves her right to appeal these issues. If Micquel wins her appeal based on Section (a) or (b) of Paragraph 27, then this Marital

Settlement Agreement is void, and the trial court will review this case de novo.

In January 2022, the family court issued a final dissolution decree stating the parties had waived their right to a final hearing and incorporating the parties' settlement agreement, which it found not unconscionable. It also made a finding in the decree that the parties separated on March 15, 2019.

Shortly thereafter, Micquel filed a timely appeal. She challenges the family court's orders stating the marital estate would be valued as of January 2018 with the value of the assets determined without consideration of appreciation or increase in value after January 2018 and prohibiting her from introducing evidence of Jamon's assets acquired after January 2018.

## ANALYSIS

I.  **Family Court Erred in Classifying Property Acquired After January 2018 as Non-Marital Without Finding Exception to the Presumption that Property Acquired Between Marriage and Divorce is Marital**

In stating the marital estate would be valued as of January 2018, the family court effectively classified all property acquired after January 2018 as non-marital property. *See Thielmeier v. Thielmeier*, 664 S.W.3d 563, 573-74 (Ky. 2022) (noting family court must first categorize contested properties as either marital or non-marital before assigning non-marital property and equitably dividing marital property). The application of statutes to classify property as

-7-

marital or non-marital is a legal issue subject to non-deferential *de novo* review. *Duffy v. Duffy*, 540 S.W.3d 821, 826 (Ky. App. 2018).[1]

KRS[2] 403.190(1) provides the family court shall assign each spouse's non-marital property to him/her and shall also divide the marital property in just proportions considering all relevant factors.[3] KRS 403.190(2) states all property

---

[1] On the other hand, factual findings relating to the classification of property as marital or non-marital are reviewed for clear error – meaning they will not be disturbed unless not supported by substantial evidence. *Smith v. Smith*, 235 S.W.3d 1, 6 (Ky. App. 2006). However, the family court here did not conduct an evidentiary hearing nor issue factual findings resolving any factual disputes such as when the parties actually separated. Instead, it simply issued orders stating that the marital estate would be valued as of January 15, 2018 – the date of separation according to Jamon's petition for dissolution.

Once a family court has classified property as marital or non-marital, its division of the marital property is reviewed for abuse of discretion. *See*, *e.g.*, *Duffy*, 540 S.W.3d at 826. However, the family court here did not divide the marital estate itself but instead ultimately entered the dissolution decree incorporating the parties' conditional settlement agreement.

[2] Kentucky Revised Statutes.

[3] KRS 403.190(1) states:

(1) In a proceeding for dissolution of the marriage or for legal separation, . . . the court shall assign each spouse's property to him. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors including:

(a) Contribution of each spouse to acquisition of the marital property, including contribution of a spouse as homemaker;

(b) Value of the property set apart to each spouse;

(c) Duration of the marriage; and

(d) Economic circumstances of each spouse when the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children.

acquired by either spouse after the marriage is marital unless it fits a listed exception such as property acquired by gift, property acquired after a decree of legal separation, property excluded by valid agreement, or an increase in value of property acquired before the marriage which is not due to the parties' efforts during the marriage.[4]

KRS 403.190(3)[5] similarly states that property acquired between the marriage date and the date of a legal separation decree is presumed marital unless

---

[4] KRS 403.190(2) states:

> (2) For the purpose of this chapter, "marital property" means all property acquired by either spouse subsequent to the marriage except:
>
> (a) Property acquired by gift, bequest, devise, or descent during the marriage and the income derived therefrom unless there are significant activities of either spouse which contributed to the increase in value of said property and the income earned therefrom;
>
> (b) Property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent;
>
> (c) Property acquired by a spouse after a decree of legal separation;
>
> (d) Property excluded by valid agreement of the parties; and
>
> (e) The increase in value of property acquired before the marriage to the extent that such increase did not result from the efforts of the parties during marriage.

[5] KRS 403.190(3) states:

> (3) All property acquired by either spouse after the marriage and before a decree of legal separation is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (2) of this section.

acquired by one of the methods listed in KRS 403.190(2). In other words, property acquired after marriage is generally presumed to be marital unless it is acquired after a decree of legal separation or fits one of the other exceptions listed in KRS 403.190(2).

The family court did not issue a decree of legal separation before the dissolution decree. And our Supreme Court has long made clear that property acquired after an actual or physical separation (not a legal separation) is still presumed marital unless it fits one of the exceptions listed in KRS 403.190(2). *See Stallings v. Stallings*, 606 S.W.2d 163, 164 (Ky. 1980).

Furthermore, this Court has interpreted *Stallings* as holding: "all property acquired during a period of separation is marital unless it fits within one of the exceptions set out in KRS 403.190(2) and must be valued as of the date of the dissolution decree." *Shively v. Shively*, 233 S.W.3d 738, 740 (Ky. App. 2007). This does not mean that all marital property must be divided equally or that a court has to divide property acquired after an actual separation in the same manner it divides property acquired before the separation.

Instead, as with other marital property, property acquired after separation (but not a legal separation decree) must be divided in just proportions after considering the factors set forth in KRS 403.190(1). *Id*. If the family court

properly classifies property acquired after separation and not subject to a KRS 403.190(2) exception as marital, the family court may properly divide such marital property acquired post-separation differently than that acquired pre-separation so long as it considers the factors listed in KRS 403.190(1) and does not abuse its discretion. *Id*. at 740-41. But the family court may not classify property acquired during the marriage as non-marital unless it fits a KRS 403.190(2) exception.

In the present case, the family court never actually determined the total value of the marital estate or divided the marital estate before it issued the dissolution decree incorporating the parties' conditional settlement agreement. However, it effectively declared all property acquired after January 2018 non-marital by ordering the marital estate would be valued as of the January 2018 date. Even assuming *arguendo* that the parties actually separated in January 2018, it was improper to declare all property acquired after that date to be non-marital without finding an exception to the presumption that property acquired between the marriage and the divorce was marital. *See Stallings*, 606 S.W.2d at 164; *Shively*, 233 S.W.3d at 740; KRS 403.190(2).

Thus, we reverse the family court's order providing the marital estate would be valued as of January 2018 and remand for further proceedings. On remand, the family court must classify property acquired between the marriage and the dissolution decree as marital unless it finds, based on evidence and not merely

-11-

allegations in a pleading, that one of the exceptions set forth in KRS 403.190(2) applies. Furthermore, any division of the marital property which it performs must be in just proportions with proper findings discussing all relevant factors including those set forth in KRS 403.190(1). *See Thielmeier*, 664 S.W.3d at 574 (family court's failure to actually discuss why its division of marital assets – including not awarding any portion of post-separation contributions to a retirement account to the ex-spouse – was just under the facts was reversible error by itself; "a trial court must actually engage with the KRS 403.190(1) factors when dividing mar[it]al property; simply citing the statute is not enough.").[6]

II.     **Family Court Erred in Excluding from the Marital Estate Any Appreciation or Increase in Value of Property After January 2018 Without Finding That Any Such Appreciation or Increase in Value Was Not Due to the Parties' Joint Efforts**

We further reverse as contrary to statute and controlling precedent the family court's ordering "the determination of the value of the assets of the estate shall be as of that date [January 2018] without appreciation or increase in value of the marital estate attributable to events occurring after that date" without any further explanation or findings.

Again, there was no decree of legal separation prior to the dissolution decree and property acquired between the marriage date and the dissolution decree

---

[6] Even if the family court implicitly considered KRS 403.190(1) factors as Jamon asserts in his brief, the family court's orders did not explicitly discuss any KRS 403.190(1) factors.

– including appreciation or increase in value of assets acquired before the marriage – is presumed marital unless a KRS 403.190(2) exception is found. KRS 403.190(2)(e) explicitly only recognizes an exception for: "The increase in value of property acquired before the marriage *to the extent that such increase did not result from the efforts of the parties during marriage*." (Emphasis added.) Furthermore, controlling precedent from our Supreme Court states:

> When the property acquired during the marriage includes an increase in the value of an asset containing both marital and nonmarital components, trial courts must determine from the evidence *why* the increase in value occurred because where the value of [non-marital] property increases after marriage due to general economic conditions, such increase is not marital property, but the opposite is true when the increase in value is a result of the joint efforts of the parties. KRS 304.190(3), however, creates a presumption that any such increase in value is marital property, and, therefore, a party asserting that he or she should receive appreciation upon a nonmarital contribution as his or her nonmarital property carries the burden of proving the portion of the increase in value attributable to the nonmarital contribution. By virtue of the KRS 403.190(3) presumption, the failure to do so will result in the increase being characterized as marital property.

*Travis v. Travis*, 59 S.W.3d 904, 910-11 (Ky. 2001) (internal quotation marks and footnotes omitted).

In sum, the family court committed reversible error in effectively holding that any appreciation or increase in value of any asset after January 2018 was non-marital without hearing any evidence or making any findings regarding

whether any such appreciation or increase in value was due to the parties' joint efforts or other factors. *See* KRS 403.190(2)(e); *Travis*, 59 S.W.3d at 910-11.

### III. Family Court Erred in Excluding Any Evidence of Jamon's Financial Matters after January 2018

Lastly, we review the family court's order excluding any evidence of Jamon's post-January 2018 financial matters. "[A]buse of discretion is the proper standard of review of a trial court's evidentiary rulings." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 577 (Ky. 2000). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id*. at 581.

As we previously discussed, excluding from the marital estate all property acquired or increase in value of assets since the alleged physical separation date of January 2018 without finding any KRS 403.190(2) exception was contrary to Kentucky law and thus unsupported by sound legal principles. *See id.* Furthermore, information about Jamon's post-January 2018 financial matters (including income and assets) was necessary to make the findings required by statutes to resolve other matters including child support, KRS 403.211; costs and attorney fees, KRS 403.220; and Micquel's request for maintenance, KRS 403.200. Such information might also be necessary to resolve questions about discovery disputes or whether the family court's *status quo* order was violated. Thus, the

-14-

exclusion of all evidence about Jamon's post-January 2018 financial matters was contrary to law and unsupported by sound legal principles.

In sum, the family court abused its discretion in excluding all evidence of Jamon's post-January 2018 financial matters.

## CONCLUSION

For the foregoing reasons, we reverse and remand for further proceedings in conformity with this Opinion.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Allen McKee Dodd
Louisville, Kentucky

BRIEF FOR APPELLEE:

James K. Murphy
Louisville, Kentucky